UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS H. AUSTIN :
:
v. : C.A. No. 06-235ML
:
ASHBEL T. WALL, II :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court on the pro se petition of Thomas H. Austin ("Petitioner") for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition has been referred to this Court by District Judge Mary M. Lisi for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). In particular, Judge Lisi has asked this Court to make a finding and recommendation as to whether this Petition is a "second or successive petition" under 28 U.S.C. § 2254 subject to dismissal pursuant to 28 U.S.C. §§ 2244(b) and (c). For the reasons discussed below, this Court concludes that this is such a successive petition and recommends that it be DISMISSED.

**Background**

Petitioner seeks relief from May 2, 1994 state court judgments of conviction for assault with intent to commit robbery and assault with a dangerous weapon. State v. Austin, 641 A.2d 56 (R.I. 1994). See also State v. Austin, 731 A.2d 678 (R.I. 1999) (denying Petitioner's second appeal alleging a suggestive line-up and denial of speedy trial following remand for consideration of validity of arrest warrant). This conviction arose out of an attempted armed robbery of a bank in Providence on January 5, 1990. Petitioner also stands convicted of the successful armed robbery of a bank in

North Providence on February 7, 1990, see State v. Austin, 642 A.2d 673 (R.I. 1994), and a bank in East Providence on February 23, 1990, see State v. Austin, 643 A.2d 798 (R.I. 1994). Petitioner presently resides at the ACI serving a substantial term of incarceration for these convictions.

Petitioner is no stranger to this Court. In addition to being a plaintiff in several prisoner civil rights suits which have all been dismissed for various reasons, Petitioner has previously filed four habeas corpus petitions in this Court under 28 U.S.C. § 2254. On April 20, 1995, Petitioner filed two separate petitions which were both considered on the merits and dismissed with prejudice. See Austin v. Pine, C.A. Nos. 95-213ML, and 95-214ML. Petitioner unsuccessfully appealed the dismissal of C.A. No. 95-214ML to the First Circuit Court of Appeals. See Austin v. Pine, No. 96-1982 (1st Cir. March 27, 1997). Petitioner apparently did not appeal the dismissal of C.A. No. 95-213ML. On August 18, 1999, Petitioner filed a third petition which was dismissed and not appealed. See Austin v. Vose, C.A. No. 99-394L. Finally, on January 29, 2001, Petitioner filed a fourth petition which was denied without prejudice. See Austin v. Rhode Island Dep't of Corr., C.A. No. 01-45T. Petitioner's appeal of that denial was dismissed by the Court of Appeals for want of diligent prosecution. See Austin v. Rhode Island Dep't of Corr., No. 01-1967 (1st Cir. Dec. 10, 2001).

**Discussion**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, without exception, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior [federal] application shall be dismissed." 28 U.S.C. § 2244(b)(1) (emphasis added). A second or successive habeas corpus application is one filed after a previous application by the same petitioner has been adjudicated on the merits. Dickinson v. Maine, 101 F.3d 791 (1st Cir. 1996). See also Camarano v. Irvin, 98 F.3d 44 (2nd Cir. 1996).

With respect to a claim not presented in a prior federal habeas corpus application but presented in a subsequent application, AEDPA provides that such "claim must be dismissed unless it falls within one of two narrow exceptions." Tyler v. Cain, 533 U.S. 656, 661 (2001). The first exception is for claims relying on a "new rule of constitutional law" made retroactive by the Supreme Court. 28 U.S.C. § 2244(b)(2)(A). The second is for claims based on newly discovered evidence that call into question the accuracy of the original finding of guilt. 28 U.S.C. § 2244(b)(2)(B).

Finally, AEDPA provides that before a "second or successive application" for habeas corpus relief is filed in the District Court, the applicant must obtain an order from the Court of Appeals authorizing the District Court to consider such application. 28 U.S.C. § 2244(b)(3)(A). "This provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a successive or second habeas petition unless and until the Court of Appeals has decreed that it may go forward." Leblanc v. Wall, C.A. No. 05-294ML, 2005 WL 2972991 at *1 (D.R.I. Oct. 19, 2005) (emphasis in original) (citing Pratt v. United States, 129 F.3d 54, 55-57 (1st Cir. 1997)).

Thus, the first question is whether this is a "second or successive application." This Court concludes that it is for the following reasons: This Petition challenges Petitioner's convictions arising out of the attempted armed robbery of a bank in Providence on January 5, 1990. On August 18, 1999, Petitioner also filed a Petition under Section 2254 challenging these same convictions. See Austin v. Vose, C.A. No. 99-394L. On December 20, 1991, Magistrate Judge Hagopian considered that Petition on the merits and recommended that it "should be denied and dismissed." On January 19, 2000, District Judge Lagueux accepted and adopted Judge Hagopian's

recommendation, and final judgment entered against Petitioner on January 20, 2000. There is no record that any appeal was pursued by Petitioner.

The initial 1999 Petition asserted one ground for relief. He challenged his convictions on the ground that the warrant used for his arrest was not validly issued. That ground is not also raised in this second 2006 Petition, and thus, the bar contained in 28 U.S.C. § 2244(b)(1) does not apply. In the present Petition, Petitioner raises only one ground for relief. He contends that his conviction was obtained by the unconstitutional failure of the prosecution to disclose to him evidence favorable to his defense. Petition at p. 5. Petitioner does not attempt to identify this allegedly withheld evidence other than to generally reference that there is "newly discovered evidence." Id. at p. 6. Since Petitioner is not relying on any "new rule of constitutional law," Section 2244(b)(2)(A) is inapplicable.

As to 28 U.S.C. § 2244(b)(2)(B), Petitioner's conclusory reference to "newly discovered evidence" provides this Court with no basis upon which to assess whether such evidence could have been "discovered previously through the exercise of due diligence" and whether such evidence, if proven, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Id. Further, the Petition fails to comply with Rule 2(c)(2) of the Rules governing Section 2254 cases in Federal Court which provides that a petition "must" "state the facts supporting each ground" for relief claimed. Petitioner's vague and conclusory references to withheld evidence and "newly discovered evidence" are not sufficient to satisfy Rule 2(c)(2).

Finally, even if this second petition was permitted by 28 U.S.C. § 2244(b)(2), AEDPA requires that the applicant must first seek and obtain authorization from the Court of Appeals before

filing the Petition in the District Court. See 28 U.S.C. § 2244(b)(3)(A). Without such authorization, this Court has no jurisdiction to consider the Petition in this case, and it should be dismissed. See Leblanc, C.A. No. 05-294ML.

**Conclusion**

For the reasons discussed above, this Court recommends that Austin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
June 13, 2006