August 1, 2000

Certified Mail Return
Receipt Requested
No. Z 539 077 471

Providence Superior Court
250 Benefit Street
Providence, RI 02903

Dear Clerk of Court:

Enclosed for filing with the Court, please find my Petition For Post Conviction Relief, Motion For Appointment of Counsel.

Sincerely,
Thomas H. Austin
P.O. Box 8273
Cranston, RI 02920

State of Rhode Island
Providence Superior Court

State
v
Thomas Austin

Docket No.

Petition For Post Conviction Relief

Now comes the Defendant, Thomas H. Austin, in pro se and pursuant to R.I.G.L. 10.9.1 files his Petition For Post Conviction Relief.

Procedurally History of the Case

On September 23, 1991 the Defendant was convicted by a Providence County jury, of assault with intent to committ robbery and assault with a dangerous weapon. Defendant was sentenced to twenty years imprisonment on the intent to committ robbery charge and ten years imprisonment on the assault with a dangerous weapon charge. These sentences were to run concurrently.

Defendant appealed his conviction. His appellate counsel contended that the trial justice erred by (1) denying his motion to suppress a lineup identification as the fruit of an

unlawful arrest and (2) denying his motion to dismiss for lack of speedy trial.

On May 2, 1994 the Rhode Island Supreme Court remanded the case to the Superior Court to allow Defendant Austin to challenge the validity of the warrant. State v Austin, 641 A 2d 56 (1994). At the Superior Court hearing, Attorney Richard Corley represented Defendant.

Defendant contends that he was denied his constitutional right to effective assistance of appellate counsel on his direct appeal, and denied effective assistance of counsel in Superior Court regarding the validity of the warrant.

Issue One

Defendant Was Denied Effective Assistance Of Appellate Counsel In Violation of His Sixth And Fourteenth Amendment Rights To The United States Constitution And Provisions of Rhode Constitution. Defendant's Constitutional Right to Be Protected From Double Jeopardy were Violated By Appellate Counsel's Ineffectiveness.

The Defendant in this case was charged with assault with a dangerous weapon, and assault with intent to commit robbery. Defendant

contends that the assault with a dangerous weapon should have merged into the charge of assault with intent to commit robbery. The proof on both counts is identical in that the assault with a dangerous weapon would be that he pointed a gun at a bank teller, and the assault with intent to rob would be that he pointed the gun, the same gun, at the teller at the same time.

Defendant contends that conviction on both of these charges stemming from a single incident is forbidden by the Rhode Island Supreme Court's decision in State v Boudreau, 113 R.I. 497, 322 A.2d 626 (1974), as a violation of the constitutional right to be free from double jeopardy.

In Boudreau, the Court said that "It is no longer a question as to whether or not the victim is placed in fear of bodily harm, it now is that assault with a dangerous weapon is gleaned upon or proven by assessing the intent meant of the defendant in the case, that is that he intended to cause fear or instill violence into the victim." In the case at bar, the intentions are the same or it is necessary to prove the same intent with the two crimes. That is to say that the State must prove that the Defendant intended or offered to use violence and/or place the

3

intended victim in fear of bodily harm, and in this case, one additional quality in the robbery is that he intended to take money from the bank teller. So that substantially, the initial portions of the elements of the offense of assault with intent to commit robbery are exactly the same as they are in the assault with a dangerous weapon. Both need and necessitate an intention to place the victim in fear or to assault them with violence in that crime, and therefore, Defendant contends that under the principle of double jeopardy and the merger doctrine, the two charges merge.

"The statutory crime of robbery incorporates all the elements of the crime of robbery as it existed at common law. These elements are the felonious taking of money or other property of any value from the person of another, or in his presence, against his will, by force or fear of force. State v Domanski, 57 R.I. 500, 190 A. 854 (1937)." Quoting State v Ornes, 391 A.2d 1158 at 1168 (R.I. 1978).

An assault as defined in State v Baker, 20 R.I. 275, 277; 38 A. 653, 654 (1897) is, an "unlawful attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness."

The unsuccessful objective of the assault in Defendant Austin's case is robbery.

A compilation of these definitions indicates that in order to prove both assault with intent to committ robbery and assault with a dangerous weapon in this case, the State had to demonstrate the identical elements of an intentional threat to the bank teller that placed the teller in fear of actual bodily harm, the purpose of which was to force the teller to give Defendant money.

In State v Boudreau, 322 A.2d 626 supra. The Rhode Island Supreme Court stated that the standard used in this State for determining whether an accused is in danger of being twiced placed in jeopardy is the same standard that has been enunciated by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 304; 52 S. Ct. 180, 182.

In State v Doyon, 416 A.2d 130 at 133 (R.I. 1980); the Rhode Island Supreme Court noted with approval the lucid application of the Blockburger test by the Maryland Court of Appeals in Thomas v State, 277 Md. 257, 267, 353 A.2d 240, 246-47 (1976). In Thomas, the Court held:

> "The required evidence is that which is minimally necessary to secure

a conviction for each statutory offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes." (Emphasis added by R.I Supreme Court)

State v Doyon, 416 A.2d at 133.

In Doyon, the defendant was convicted of arson and of murder while in perpetration of arson. The Supreme Court of Rhode held that: defendant's separate though concurrent sentences for offenses of arson and of murder while in perpetration of arson constituted double punishment for same offense where only element distinguishing the two offenses was proof of victim's death; and that such punishment violated double jeopardy clauses of both Federal and State Constitutions.

In State v Amil, 417 A.2d 1367 (R.I. 1980), the defendant was convicted of unlawful possession of cocaine with intent to deliver and unlawful delivery of cocaine. The Supreme Court held that conviction on both offenses constituted a violation of the double jeopardy clause. In arriving at its conclusion, the Rhode Island Supreme Court stated:

> "If... the same evidence suffices to establish both crimes, a defendant may not be prosecuted a second time nor be twice punished. We conclude that on the facts of the case, proof of the delivery charge required an additional fact—delivery—which proof of the possession charge did not. However, proof of possession with intent to deliver required proof of no additional fact that was not an essential fact of proof of delivery. In other words, only one of these offenses required proof of an additional fact; all of the elements of one offense (possession with intent to deliver) were present in the other (delivery). Accordingly the offenses must merge under the double-jeopardy clause. Slye v State, 42 Md. App. 520, 524-25, 401 A.2d 195, 198 (1979); Newton v State, 280 Md. 260, 264, 373 A.2d 262-265-66 (1977)."

In the case at bar, the only additional fact needed to establish both offenses was that the objective of the assault(s) was to take money from the bank teller. In defendants case for all intents and purposes; there was only one act or transaction motivated by a single intent.

Another and more generous approach to the double jeopardy prohibition, focuses on the transaction rather than on the evidence. The "same transaction" test bars re-prosecution and multiple punishment "if the defendant's conduct constituted a single act or transaction, or was motivated by a single intent." State v Davis, 384 A.2d 1061 at 1064 (R.I. 1978).

In Brown v U.S, 34 F.3d 990 (10th Cir 1994). The defendant was convicted of: (1) entering a bank with intent to commit bank robbery, and (2) committing a bank robbery by means of force, violence and intimidation by use of a dangerous weapon. He received a sentence of five years on count 1, and twenty years on count 2. The government agreed that the sentences should not have been consecutive but should have merged because the convictions were based upon a single criminal episode. The court in Brown agreed, citing Prince v United States, 352 U.S. 322, 329, 77 S. Ct. 403, 407 (1957).

Based upon the above and foregoing, Defendant submits that the charge of assault with a dangerous weapon should have merged into the charge of assault with intent to committ robbery. The convictions and punishments imposed on both offenses constitutes a violation of the prohibition against double jeopardy embodied in the Fifth and Fourteenth Amendments of the United States Constitution and article 1, section 7, of the Rhode Island Constitution.

Defendant further submits that he was denied his State and Federal Constitutional right to the effective assistance of appellate counsel in his direct appeal as of right from his convictions, by counsel's failure to raise his double jeopardy issues in his appeal.

Issue Two

Defendant Was Denied Effective Assistance Of Counsel in Superior Court On The Remanded Issue Of Whether the Warrant In This Case Was Valid.

The Rhode Island Supreme Court remanded this case to Superior Court to allow Defendant Austin to challenge the validity of the warrant. State v Austin, 641 A 2d 56 (1994).

(emphasis added). In Mr. Austin's case, Justice of the Peace Maria did not sign the arrest warrant as required by law but simply signed his name. See Warrant attached hereto. Defendant contends that the failure to sign the warrant as is mandated by the law renders the warrant invalid. Defendant alleges that Justice of the peace Maria did not sign the warrant as is required by law because he was not authorized to specifically issue arrest warrants. Defendant further contends the warrant was invalid because Maria's appoint- as a Justice of the peace was not recorded in the records of the Court, not certified to the secretary of State, and no "warrant under the seal of the Court" was ever issued to him by the Chief judge.

Under R.I.G.L. 12-10-3, Justice of the peace William C. Maria was not qualified as a "Justice of the peace to issue warrants."

Defendant contends that he was denied the effective assistance of counsel and a fair remand hearing by counsel's failure to brief and argue these issues

Issue Three

Defendant Was Denied Effective Assistance of Counsel in His Appeal

Defendant contends he was denied effective assistance of appellate Counsel in his direct appeal by Counsel's failure to raise in the appeal, counsel's ineffectiveness in the Superior Court on the issue the Supreme Court had remanded.

Based upon the above and foregoing, Defendant requests that the Court reverse his convictions for assault with intent to committ robbery and assault with a dangerous weapon.

Defendant respectfully requests the Court to allow him to make reservation to amend this Petition once counsel is appointed in the event counsel finds other issues that should be raised.

Dated: July 30, 2000

Respectfully Submitted,
Thomas H. Austin
P.O. Box 8273
Cranston, RI 02920

RHODE ISLAND

*Kence*,SC. COURT

CA 06-235ML

*Thomas H. Austin*

vs.

*State of Rhode Island*

C.A.No. *00 4608*

PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

Now Comes the Petitioner in the above entitled action, a motion to appoint counsel, to represent his interests in this application for post conviction relief. This motion is pursuant to R.I.G.I. 10-9.1-5. The reasons for this motion are as follows:

1.) The Petitioner is unable to represent himself in the matter now before this Court.

2.) The Petitioner is unable to afford counsel at his own expense.

3.) The ends of Justice would be best served by the appointment of counsel.

For the reasons stated above, the Petitioner prays that this Honorable Court appoint him counsel and that counsel be available to him at all and any future proceedings which may occur in the instant matter.

Respectfully Submitted,

*Thomas H. Austin*

Post Office Box 8273
Cranston, R.I. 02920

CERTIFICATE OF SERVICE

I do hereby certify that on this *1st* day of *August*, *2000*, I caused a true copy of the within motion to be mailed postage pre-paid to the Office of the Attorney General, 150 South Main Street, Providence, Rhode Island 02903.

*Thomas H. Austin*